# MARCOTE & ASSOCIATES, P.C.

*Attorneys and Counselors at Law*
108 NEW SOUTH ROAD
HICKSVILLE, NEW YORK 11801
TELEPHONE: (516) 280-2281
FACSIMILE: (516) 280-2283

_____

February 18, 2016

Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

|        |        |
|--------|--------|
| Re: | Liberty Insurance Corporation, et al. v. Sophia Larisa Mohuchy, D.C., et al. |
| Index No.: | 1:14-CV-2168 (SJ)(JO) |
| MA File No.: | MA16-0323 |
| Subject: | 'Motion to Quash Non-Party Subpoena' |

Dear Magistrate Judge Orenstein:

The above mentioned law firm has been retained by defendant/non-party, YIN YANG HARMONY ACUPUNCTURE, P.C., in relation to the 'Third Party Subpoena' that was issued by the attorney(s) for the Plaintiff(s) in this action. The Non-Party/Defendant, by counsel submits this letter motion to quash a 'Non-Party Subpoena' pursuant to F.R.C.P. § 45(d)(3)(a). The request for production of documents served upon JP Morgan Chase Bank, NA requests the production of documents will subject the Non-party/Defendant to an undue burden and may require disclosure of privileged or other protected materials. Furthermore, the subpoena calls for the production of documents seeking information which may not be admissible or calculated to lead to the disclosure of admissible evidence. Even though this subpoena was served on January 21, 2016 on JP Morgan Chase Bank, NA, upon information and belief a copy of the subpoena was not properly served upon my client and my client was only notified of said subpoena when contacted by JP Morgan Chas Bank, NA, by letter dated February 12, 2016. Annexed hereto as Exhibit 'A' is a copy of the February 12, 2016 letter received by my client.

Therefore, that is the reason counsel was unable to comply with F.R.C.P. § 33.7 and furthermore all necessary parties shall be appearing before your Honor on February 19, 2016 at 11:30 a.m. for a hearing/conference on other motions dealing with discovery.

Once again as previously stated in this counsel's prior motion to quash the subpoena issued by the Plaintiff(s) to Bank of America, NA, prior to the 'Settlement Agreement' between the Plaintiff(s) and Non-Party/Defendant, the Plaintiff(s) had ample time to request this information

should it have been thought necessary to the instant action. Furthermore, a subpoena duces tecum should not be used for the purpose of discovery or to ascertain the existence of evidence. Rather, its purpose is to compel the production of <u>specific</u> documents that are <u>relevant</u> and material to facts at issue in the pending injunction hearing. It is clear that the Plaintiff(s) are using the subpoena as a chance to both annoy and harass the Non-Party/Defendant due to the overwhelming nature of the requests and the Plaintiff(s) are seeking out discovery through the improper device of a subpoena duces tecum.

The Non-Party/Defendant specifically object to the form and nature of the requests in the subpoena. The Plaintiff(s)' request the following: "Any and all account records, including, but not limited to, account opening documents, monthly statements, signature cards, powers of attorney and copies of checks deposited and drawn on the accounts, as well as all correspondence, concerning any action, activity, direction or instruction with respect to any and all of accounts for the following individual: **Frederick Jente,**  whose date of birth is XX/XX/1966, including but not limited to accounts ending in x2320, x2317 and x2505, from September 2009 through the present."

The Non-Party/Defendant specifically objects to this request on the grounds that this request is overly broad, vague, and unduly burdensome. The Plaintiff(s) are using a subpoena as a means of discovery which shall not be permitted.  Further, it may call for the production of documents protected by attorney/client privilege, the attorney work product privilege or other applicable privileges. There are voluminous amounts of documents which may or may not lead to admissible relevant evidence.

"If documents sought by way of subpoena are relevant and are sought for good cause, subpoena should be enforced unless documents are privileged or subpoenas are unreasonable, oppressive, annoying, or embarrassing." <u>Covey Oil Co. v. Continental Oil Co.</u>, C.A.10 (Utah) 1965, 340 F.2d 993, certiorari denied 85 S.Ct. 1110, 380 U.S. 964, 14 L.Ed.2d 155.

The documents sought by Plaintiff(s) are irrelevant as this Non-Party/Defendant settled his case with Plaintiff(s) almost six (6) months prior to the date the subpoena was served on Bank of America.   Furthermore,  the  documents  requested  are  irrelevant  as  they  are  this  Non-Party/Defendant's personal bank accounts and are not tied with any of his Professional Corporations Yin Yang Harmony Acupuncture, P.C. and Elmont Acupuncture, P.C., also former Defendant(s) in the subject litigation.

As a result of the foregoing and the specific objection, the document production request should be quashed. Any questions please do not hesitate to contact me at the number above.

Respectfully submitted,
Marcote & Associates, P.C.
___/s/ *Louis F. Chisari*_____
By:     Louis F. Chisari, Esq. (LC0383)

CC:
JP Morgan Chase, N.A. (Via Facsimile Only)
Stern & Montana, LLP (ECF)
Russell Friedman & Associates, P.C. (ECF)